(No. 42194.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EARL MOORE, Appellant.

*Opinion filed November 30, 1971.*

EDWARD M. GENSON, SANTO J. VOLPE and SAM ADAM, appointed by the court, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of

Chicago, (JAMES B. ZAGEL, Assistant Attorney General; ROBERT A. NOVELLE and WILLIAM K. HEDRICK, Assistant State's Attorneys; of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County defendant, Earl Moore, was convicted of the offense of murder and sentenced to a term of not less than 20 nor more than 60 years. Defendant and James Hall had been indicted for the murder of Clinton Crump. Hall pleaded guilty to a reduced charge, did not testify at the trial and is not a party to this appeal.

The testimony shows that on the evening of May 12, 1968, the decedent, Crump, age 17, in the company of two other teenage boys and two teenage girls, had attended a movie, and at approximately midnight he and his friends were walking north on Halsted Street near 60th Street in Chicago. At this point they were approached by a group of six boys, among whom were Hall and the defendant. Someone in defendant's group asked decedent's group whether they were members of a gang known as the Disciples. Apparently without further conversation, Hall struck Larry Radcliff, a member of decedent's group, with a chain. Defendant stabbed at decedent with a knife but instead struck Milton Welles, another of decedent's group, in the arm and hand. Decedent's friends started to run, and the boys ran into a tavern called Crow's Nest Lounge. While running, Welles saw defendant alongside decedent making a stabbing motion toward decedent's stomach with the knife. Vanessa Pierce, one of the girls with decedent, saw defendant stab at decedent's chest just as decedent reached the front of the tavern.

Welles ran into the kitchen area of the tavern and from there saw decedent lying on the tavern floor. Defendant was standing over the decedent, and Welles saw him stab him several times with a knife and strike him with

a club. While Welles grabbed a kitchen knife, defendant left the tavern.

Beatrice Williams, a barmaid in the Crow's Nest Lounge, identified defendant as the person whom she saw in the tavern beating decedent with a club. The witnesses, Welles, Radcliff and Pierce, made positive in-court identifications of defendant.

Defendant, while admitting being with the group that chased decedent and his companions, testified that he was intoxicated on the night in question and denied stabbing or beating decedent. He said he watched the fight which took place in the tavern from the street, and at no time went inside. One of defendant's companions corroborated his testimony.

Defendant contends that the evidence is conflicting on vital issues, there are many discrepancies in the testimony adduced by the People, the evidence is so unsatisfactory as to raise a reasonable doubt of defendant's guilt, and the judgment of conviction should, therefore, be reversed. The record shows that for the most part the alleged discrepancies involve the color of the clothing worn by defendant at the time of the occurrence, and are not of such nature as to undermine the credibility of the People's witnesses. As to the testimonial conflicts, they were resolved by the trial court and we do not find that the evidence is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. *People v. Hoffman, 45 Ill.2d 221.*

Defendant contends next that portions of the closing argument for the People were improper, unsupported by the evidence and so prejudicial as to require reversal. This was a bench trial, and defense counsel objected to only one of the comments of which defendant now complains. We must presume that the trial court considered only proper argument *(People v. Pelegri, 39 Ill.2d 568),* and nothing in the record rebuts the presumption.

Defendant contends next that the trial court erred in

admitting into evidence a statement made by defendant to a police officer. The officer testified that after arresting defendant, he took him to the police station and advised him "that anything that he would say would be used against him; that he had a right to remain silent. He had a right to talk to a lawyer of his choice before he said anything to us, and that if he couldn't afford a lawyer the court would appoint a lawyer for him." The officer testified further that following the above warning defendant said he understood and did not want to make a statement anyway because "he didn't do it and if he had wanted to kill this boy he had a gun in his pocket and he would have shot him." That was the end of the conversation.

Defendant argues this was not an adequate *Miranda* warning *(Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602)* for the reason that the officer did not advise defendant he had a right to have appointed counsel present at any interrogation.

We do not reach the questions of whether *Miranda* is here applicable, or, if applicable, whether the warning given was adequate. The record shows that the statement was spontaneous, there was no question pending when it was made and it was not made in response to interrogation. *(People v. Hicks, 44 Ill.2d 550.)* Further there was no objection to its admission, and in closing argument defense counsel quoted it as evidence of defendant's innocence.

Finally defendant contends the sentence is excessive and should be reduced. He argues that in presenting matters in aggravation the assistant State's Attorney made statements unsupported by evidence and as a result the court was improperly influenced and imposed an unduly harsh sentence.

It is true the defendant was only 17 years of age at the time of the murder but the record reflects a prior conviction for battery and support for the trial court's

statement that defendant showed little compassion and no remorse. Under the circumstances shown, we find no basis for reduction of the sentence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*