THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN RAFAC *et al.*, Defendants.—(JOHN RAFAC *et al.*, Appellants.)

Third District   No. 74-249

Opinion filed June 30, 1977.

George P. Troha, of Joliet, for appellant John Rafac.

Winston Block, of Cirricione, Block & Krockey, P. C., of Joliet, for appellant Patrick McClard.

Edward Petka, State's Attorney, of Joliet (Mark S. Schwartz, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendants John Rafac and Patrick McClard, along with co-defendant Paul Coleman, were found guilty of the offense of burglary after a bench trial by the Circuit Court of Will County. All of the defendants were sentenced to a term of imprisonment of not less than 1 nor more than 10 years. This appeal is concerned solely with the defendants Rafac and McClard. The co-defendant Coleman has perfected and prosecuted a separate appeal.

The defendants Rafac and McClard along with the co-defendant Coleman were on March 21, 1974, charged by an indictment with the offense of burglary. On April 5, 1974, at arraignment proceedings all defendants entered a plea of not guilty. Subsequently all of the defendants filed motions to suppress evidence illegally seized and to suppress their confessions. It was stipulated by the attorneys for all defendants that there would be one hearing on all motions and that the testimony of the witnesses with respect to each motion would all be heard at this hearing. After an extensive hearing on the combined motions for severance, suppression of evidence and confessions, the trial court denied the defendants' motion.

We have set forth in detail in the case of *People v. Coleman* (1977), 50 Ill. App. 3d 1053, the factual situation which resulted in the conviction of all of the defendants. In addition to those facts set forth in *People v. Coleman*, we deem it necessary to set forth some additional facts in this opinion concerning the defendants Rafac and McClard.

In regard to the defendant McClard we deem it pertinent to his appeal to set forth the testimony which was adduced during the suppression

hearing to the effect that while in custody at the Batavia police station he was ill. After Officer Behner observed him vomit, Dr. Dwyer was called, who came to the station and injected into the defendant a shot of linocmycin. It was the testimony of the doctor that the defendant had a virus or the flu and that the possible side effects of the shot administered were diarrhea, nausea, liver damage or shock. The defendant McClard contends that he is allergic to drugs of the penicillin group, but Dr. Dwyer testified that linocmycin is not a member of such group. The defendant McClard testified that the drug administered to him made him "dopey," but he admitted that he "knew what was going on," and the record makes it abundantly clear that this defendant remembered in detail the events which occurred on the day of his arrest when he executed a consent to search and made incriminating statements.

As to the defendant Rafac the record establishes that on January 26, 1974, while at the Joliet police station, he was taken alone into a room by Officer Pedersen. The defendant's constitutional rights were again read to him, and the defendant both orally and in writing acknowledged that he understood such rights; however, during the course of Officer Pedersen's interview with him the defendant Rafac stated that he didn't think his parents would hire a lawyer for him and asked how he could get one. The officer informed him that if he couldn't afford a lawyer a public defender would probably be appointed for him when he went to court on the following Monday. The defendant Rafac then asked if he had a better chance to get probation if he made a statement. The officer informed him that the court looked favorably on cooperation but that he would be locked up and charged with burglary. The defendant Rafac then stated that he wanted to get the matter over with and the typing of his confession began.

In this appeal the first issue presented for review is whether the police had probable cause to arrest the defendants McClard and Rafac for contributing to the delinquency of a minor and whether the evidence obtained by the police during their detention was properly admitted into evidence at their subsequent trial for the offense of burglary.

■■ We are of the opinion that probable cause for arrest did exist and that the evidence was properly admitted into evidence during the defendants' trial. The basis for this conclusion is set forth in *People v. Coleman*, and no useful purpose would be served by setting forth a repetition of our reasoning and conclusions in this appeal. We do not find that there is any merit to the defendant McClard's contention that he was "dopey" from the medical treatment he received while in detention, because by his own admission he acknowledged that he knew what was going on at all times. We agree with the trial court's finding that there was

no evidence adduced during the suppression hearing which would indicate fatigue or lack of competence on the part of the defendant McClard when he confessed to the crime of burglary.

■■ Directing our attention to the confession of defendant Rafac we are compelled to reach the conclusion that the same should not have been admitted into evidence. The defendant Rafac raised the question as to how he could be represented by counsel. This question was raised while he was being advised as to his constitutional rights or what is commonly referred to as the *Miranda* warnings. The interviewing officer advised Rafac that he would possibly have the public defender appointed to represent him when he went to court on the following Monday. The officer, when queried about chances for probation, replied that the court looked favorably upon cooperation and thereafter the defendant Rafac's incriminating statement was taken by the officer. We consider such answers and conduct on the part of the police officer to be clearly violative of the law as set forth in *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. *Miranda* requires clear and unequivocal warnings to an accused of his constitutional rights prior to the taking of any statement, whether inculpatory or exculpatory, during interrogation occurring after an accused is taken into custody. One of the rights is, of course, the right to the presence of counsel, hired or appointed, before and during any police questioning. (See *United States ex rel. Williams v. Twomey* (1972), 467 F.2d 1248, 1250.) When the defendant Rafac indicated his interest in having legal counsel the interviewing officer should have considered such an interest on the part of the defendant Rafac as a "red light" which compelled a stopping or cessation of all further inquiry of the defendant. To proceed further with the interrogation of the suspect as was done in the instant case as regards the defendant Rafac constitutes reversible error.

■■ Lastly, both the defendants McClard and Rafac contend that the trial court abused its discretion by denying them probation. This contention is moot as to Rafac since we have determined that his conviction must be reversed and that he is entitled to a new trial. Considering this contention as to the defendant McClard, we note that the record shows that the probation department of Will County recommended that the defendant McClard be granted probation; however, the trial court denied probation for all the defendants and sentenced them to a term of imprisonment. In denying the probation recommendation the trial court stated:

> "It is the judgment of this court that all three of the defendants have taken the trial of this cause more of a joke than as a reality. That is based upon my own personal observations of all three of them."

For the reasons set forth in *People v. Coleman* (1977), 50 Ill. App. 3d 1053, we are of the opinion that the defendant McClard is entitled to a new sentencing hearing.

For the reasons set forth the conviction of the defendant Rafac is reversed and this cause as to said defendant is remanded to the Circuit Court of Will County for a new trial. The conviction of the defendant McClard is affirmed, but this case as to said defendant is remanded to the Circuit Court of Will County for a new sentencing hearing.

Affirmed in part, reversed in part and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.