THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARROLL C. RENDLEMAN, Defendant-Appellant.

First District (1st Division)   No. 76-1377

Opinion filed February 6, 1978.—Rehearing denied March 7, 1978.

Richard E. Gorman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, Carroll C. Rendleman (defendant) was convicted of murder (Ill. Rev. Stat. 1975, ch. 38, par. 9—1), and sentenced to 100 to 300 years. In this appeal he contends that his statements and confession were obtained in violation of his constitutional rights and should have been suppressed. Although no issue is raised regarding sufficiency of the evidence to prove guilt beyond reasonable doubt, a summary of the facts will be helpful.

On October 29, 1974, the defendant was released from the Illinois State Penitentiary on parole. He had been serving a sentence for aggravated battery. In Chicago, he became acquainted with a young woman named Anita Duncan. He saw her several times during the next two weeks. She came up to his apartment on December 30, 1974. Three days later her body was found on the defendant's bed.

A duly qualified and licensed pathologist and physician, employed by the coroner of Cook County, testified that he observed four darkened

marks around the neck of the victim. He described these marks in detail. Microscopic examination showed that the tissue in this area had been subjected to trauma. The expert further testified that body organs of the deceased were examined microscopically. In his opinion, the level of alcohol was not such as to be a factor in death and no significant amounts of valium or other drugs were found in the system of the deceased. In the opinion of the doctor, the cause of death was "strangulation asphyxia."

In addition, a qualified physician, also an expert in forensic pathology and director of neuropathology for the office of the coroner of Cook County, testified in response to a lengthy hypothetical question to which no objection was made at trial. The facts assumed in this question stated generally all of the results of the postmortem examination. The doctor testified that based upon those facts, in his opinion, the cause of death was asphyxia which was due either to manual strangulation or ligature. The doctor supported this opinion with reference to various slides containing prepared tissue from the neck area of the deceased.

A note in defendant's handwriting was found next to the body. The note stated in substance that if the writer could not have Anita Duncan, no one else could. The writer also begged forgiveness and expressed his hope that he would be given the death penalty so he could be with Anita again. Defendant was arrested in Indiana on January 7, 1975, for parole violation and was returned to Chicago.

Defendant filed two motions to suppress all statements made by him to police authorities. One motion alleged physical coercion. The other alleged that the defendant did not knowingly and intelligently waive his privilege against self-incrimination because he was taking prescribed medication for emotional disorders and he had been deprived of this medication by the police. The hearing on these motions was directed to oral statements allegedly made by defendant to a parole officer and a subsequent written confession signed by defendant.

Lieutenant Dudley Goodwin, of the police department of Richmond, Indiana, testified on the motion that he read the *Miranda* warnings to defendant from a form. Defendant signed this form and also signed a waiver of extradition to Illinois.

Clifton Robinson, an Illinois parole officer, testified that he and a fellow officer drove defendant back to Chicago. During the ride the defendant voluntarily began to speak to Robinson without having been questioned in any way. He told Robinson that he was wanted for killing some woman in Chicago. The defendant continued to talk to the officer. At one point he said, "I did the bitch in." When asked to whom he referred, the defendant answered, "Anita." Defendant told Robinson that the pills in his possession were valium which he took twice a day. He also told Robinson that he did not need these pills. Robinson took defendant to an area police

station in Chicago. Robinson did not advise the police of the statements made to him by the defendant.

A Chicago police investigator testified that he read defendant his *Miranda* rights. Defendant affirmatively indicated that he understood each of these rights. The defendant then gave the investigator an oral statement in which he admitted killing Anita Duncan. He was given his constitutional rights once again, after which the oral statement was reduced to a complete written confession. The defendant signed the written confession and initialed each page.

An assistant State's Attorney testified that he advised defendant of his *Miranda* rights at the police station. Defendant gave him an oral statement and then agreed to make the same statement to a stenographer. This was done in due course. No other testimony was heard on the motions to suppress. The trial court denied the motions.

■■ In reviewing this denial of the motions, we are obliged to consider the "totality of the circumstances." (*People v. Prim* (1972), 53 Ill. 2d 62, 70, 289 N.E.2d 601, *cert. denied* (1973), 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731.) The pertinent statute provides "[t]he burden of going forward with the evidence and the burden of proving that a confession was voluntary * * *" rests upon the State. (Ill. Rev. Stat. 1975, ch. 38, par. 114—11(d).) However, the degree of proof required of the State has been described as "one of persuasion and not beyond a reasonable doubt." (Ill. Ann. Stat., ch. 38, par. 114—11, Committee Comments, at 345 (Smith-Hurd 1977).) Consequently the rule is that in determining the voluntary nature of a confession the "trial court need not be convinced beyond a reasonable doubt, and the finding of the trial court that the statement was voluntary will not be disturbed unless it is contrary to the manifest weight of the evidence." *Prim*, 53 Ill. 2d 62, 70. See also *People v. Pittman* (1973), 55 Ill. 2d 39, 52, 302 N.E.2d 7.

■■ ■ Counsel for defendant first urges strongly that, since the defendant received no warnings from Officer Robinson on the trip back to Chicago from Indiana, oral statements which he made to Robinson were not admissible. The courts of Illinois and other jurisdictions have consistently held that "voluntary statements of any kind made by an accused, as opposed to admissions elicited by custodial interrogation * * *" are expressly excepted from *Miranda*. (*People v. Hicks* (1970), 44 Ill. 2d 550, 554, 256 N.E.2d 823.) In *Hicks*, precisely as in the case at bar, defendant made voluntary statements to the police while proceeding to the police station. In the case before us, the oral statements made by defendant were completely voluntary. The disclosures by defendant were not initiated by questions from the parole officer. At the hearing on the motion to suppress, the trial court expressly found that the verbal statements made by defendant to the parole officer were voluntary and

not the result of custodial interrogation. We expressly approve this result particularly since defendant himself testified he had been advised of his constitutional rights by the Indiana police shortly before he left Indiana to return to Chicago.

In this connection, we note that in passing upon a ruling by the trial court on a motion to suppress, a reviewing court may consider the entire record including additional testimony received at trial. (*People v. Turner* (1976), 35 Ill. App. 3d 550, 567-68, 342 N.E.2d 158, *appeal denied* (1976), 63 Ill. 2d 554, citing *People v. Braden* (1966), 34 Ill. 2d 516, 520, 216 N.E.2d 808.) In the case before us, the additional testimony received at trial is important not only as regards the propriety of oral admissions made by defendant to the parole officer but also concerning the admissibility of the written confession.

■■ Counsel for the defendant, with able persistence, attempts to raise the point that the written confession by defendant was improperly received because defendant did not knowingly waive his right to legal counsel. In this regard, defendant cites *People v. Rafac* (1977), 51 Ill. App. 3d 1, 364 N.E.2d 991. However, in *Rafac*, defendant had expressed his desire to consult with an attorney prior to making the statement. There is no such evidence in the record in the case before us. Defendant was given complete *Miranda* warnings by the Indiana police, by the Chicago police and by an assistant State's Attorney. At no time did he express any desire to consult counsel. On the contrary, the evidence is clear that defendant indicated he understood each and every aspect of the *Miranda* warnings. Furthermore, parole officer Robinson testified that defendant said to him, "I know more law than any lawyer. I can outwit any lawyer." This testimony serves to further support the conclusion that defendant knowingly and intelligently waived his *Miranda* rights.

■■ As regards the alleged use of drugs, we find from the record that defendant was not deprived of the use of any drugs. He himself expressly stated that he no longer needed the valium which he had been taking. We conclude that the rulings of the trial court denying defendant's motions to suppress the verbal statements and the written confession are strongly supported by the evidence and will be affirmed.

The judgment appealed from is accordingly affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.