THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAFINO JOHNSON, Defendant-Appellant.

Second District    No. 80-75

Opinion filed May 11, 1981.

Mary Robinson and Manuel Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Charles Hartman, State's Attorney, of Freeport (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was convicted by the circuit court of Stephenson County of burglary and of two counts of theft of property worth over $150. He was sentenced to five years' imprisonment for burglary and two concurrent terms of three years each on the two theft counts.

The defendant appeals his conviction and sentences on the ground that (1) the trial court erred in finding the defendant guilty of burglary beyond a reasonable doubt when there was no evidence to prove his

1124

illegal entry into the apartment in question and the conviction was based on an inference arising from the defendant's possession of some property stolen in the burglary, and (2) that the court erred in finding the defendant guilty of theft of property worth over $150 where the conviction was based on an inference arising from the defendant's possession of property worth less that $150 and the State was unable to show that the defendant ever possessed any of the other property stolen in the burglary.

One of the theft counts (No. 79 CF 203) involved the theft of a 1977 Ford van. While the notice of appeal referred to that charge, the issue was neither briefed nor argued. This issue has therefore been waived, and that portion of the judgment of the trial court is accordingly affirmed. Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7).

The apartment of Darlene Brooks was burglarized on November 11, 1979, and a considerable amount of personal property taken amounting, she estimated, to about $1,200 in value. The victim testified that she had been absent from her apartment on Saturday, November 10, and returned on the evening of November 11 to find most of her possessions, including considerable furniture, to be missing. She said she thought perhaps her landlord had taken the furniture because she was in arrears in her rent. The landlord denied taking the things. The next day the victim was informed by an acquaintance that some of her possessions were in a white van parked on a bridge in Freeport where they were being sold.

Officer Rosemeier of the Freeport Police Department testified that he received a call from the station house to investigate a parked van in the area of Liberty and Washington Streets in Freeport. He approached the van and ordered the driver out. The driver, instead of coming out, backed the van, turned around and drove away, pursued by the police. The van was eventually stopped and the driver, who was the defendant, was arrested. Upon checking the reports of stolen automobiles it was found that the van had been stolen in Chicago on October 4, 1979. At the time the defendant was arrested in Freeport, the van contained only some pillows, a few items of used clothing and a used quilt, all of that property being worth less that $150.

The defendant was arrested and charged with burglary and two counts of theft. He waived trial by jury and did not testify in his own behalf. At his trial, the fact of a burglary was proved to the extent that the premises were entered and property taken without authorization of the owner. However, no evidence was presented to show that the defendant was the person who entered the victim's apartment illegally or otherwise. At the time of his arrest the defendant was in possession of only a small part of the property claimed by the victim to have been stolen.

■■ After hearing the testimony, the trial court found the defendant guilty of burglary, theft of property over $150 from the apartment and theft of

property over $150, being the theft of the van. In summing up the case before giving judgment, the trial court frankly based its finding of guilty of both the burglary and the theft charges on the defendant's unexplained possession of property following a recent burglary. The court remarked that the short space of time between the burglary and the defendant being found in possession of some of the property taken in the burglary sustained the finding of guilt on the burglary charge. The court's finding of guilt of theft of property worth over $150 was apparently based on the defendant's possession of a part of the stolen property without reference by the court to the nature and value of the property in the defendant's possession as compared to the victim's description of the property taken from her apartment. Here, the proof clearly shows that the defendant was apprehended while exerting unauthorized control over property of Darlene Brooks. That he intended to deprive her permanently of the use and benefits of the property may be inferred from his actions in connection therewith. Thus, the proof is sufficient to sustain the conviction for theft. *People v. Marino* (1970), 44 Ill. 2d 562, 576.

■■ However, the defendant contends that the State failed to prove the value of the property to be in excess of $150, and he requests that we reduce the conviction to misdemeanor theft. An essential element of the charge of theft is the value of the property stolen. Since the only proof that the defendant stole the property was his unexplained possession of part of it, we can only assess the offense on the basis of the property found in his possession. This property was of very nominal value—certainly worth less than $150. Accordingly, we reduce the charge with relation to the stolen personal property of Darlene Brooks to theft of property not exceeding $150 in value, a Class A misdemeanor (Ill. Rev. Stat. 1979, ch. 38, par. 16-1(e)(1)), pursuant to Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5)).

■■ The burglary conviction raises a more difficult question. The Illinois rule that the recent and exclusive possession of items stolen in a burglary, without reasonable explanation, gives rise to an inference that the possession was obtained by burglary, has recently come into question. In *People v. Housby* (1981), 84 Ill. 2d 415, the supreme court re-evaluated its prior decisions in light of several recent United States Supreme Court decisions, principally *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213. The court summarized the ruling in *County Court*: (1) there must be a rational connection between the basic facts that the prosecution proved and the ultimate fact presumed and the latter is more likely than not to flow from the former; (2) a permissive inference which requires the inference be supported by corroborating evidence of guilt is proper because the permissive inference may always be rejected by the fact-finder, and where there is corroborating evidence, the permissive in-

ference is not the sole and sufficient basis for a guilty finding, it is unnecessary to establish that the inference follows beyond a reasonable doubt from the proved fact, for proof of the elements of the offense beyond a reasonable doubt may be done by resort to all the evidence, including the inference and (3) where the permissive inference is unsupported by corroborating evidence, the leap from the proved fact to the presumed element must satisfy proof beyond a reasonable doubt because there is nothing else on which to rest the fact-finder's guilty verdict. The court then referred to its prior decisions on this point and announced:

> "To the extent that past Illinois decisions have held that exclusive and unexplained possession of recently stolen property is sufficient, standing alone and without corroborating evidence of guilt, for conviction of burglary, those decisions, in the light of the United States Supreme Court holding in *County Court*, can no longer be applied, even when the inference is regarded as permissive. The presumption standing alone does not prove burglary beyond a reasonable doubt." *People v. Housby* (1981), 84 Ill. 2d 415, 423.

The supreme court then determined that the analysis set forth in *County Court* does not infringe on a defendant's due process rights if:

> "(i) there was a rational connection between his recent possession of property stolen in the burglary and his participation in the burglary; (ii) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of burglary proceeds; and (iii) there was evidence corroborating [defendant's] guilt." (84 Ill. 2d 415, 424.)

We determine that this three-prong analysis is not satisfied in the case at hand.

In the case before us, there was no evidence whatever that the defendant entered the apartment of Darlene Brooks and there was no attempt by the State to prove a forcible entry. Since the defendant was obviously a stranger to the victim, it must be assumed that if he entered the apartment at all it was by some forcible means. Of this there was not evidence, and the victim herself told the police that she thought the landlord had taken her property because she was behind in her rent. Aside, therefore, from the presumption arising from the possession of some of the stolen property following an interval of approximately 36 hours, there was no evidence of unauthorized entry by the defendant. It appears to us the ultimate fact of commission of burglary did not so logically and rationally derive from the fact that the defendant was in possession of some of the property as to justify dispensing with the due process requirement of proof beyond a reasonable doubt. Here we think the surrounding circumstances raise a reasonable doubt as to the conclusiveness of the common law inference.

The finding of guilt on the charge of burglary based on the common law presumption arising from possession of the stolen property of Darlene Brooks is therefore reversed; the judgment of guilty of theft of property having a value in excess of $150, based on the theft of the van, is affirmed; the judgment of guilty of the theft of property belonging to Darlene Brooks having a value in excess of $150 is reduced to a Class A misdemeanor under section 16—1(e)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1) and remanded for sentencing on that charge.

Affirmed in part; reversed in part and remanded.

NASH and REINHARD, JJ., concur.