THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEONDUS MARTIN, Defendant-Appellant.

Second District    No. 80-11

Opinion filed June 24, 1981.

Mary Robinson and John J. Barrett, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was convicted of the offense of retail theft not exceeding $150 in value. (Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a).) He was sentenced to three years in prison for a class 4 felony based on a prior conviction. (Ill. Rev. Stat. 1977, ch. 38, par. 16A—10(2).) He appeals, contending that the prior conviction was not proved and that the offense must be reduced to misdemeanor theft. He also claims that the trial court erred in denying his motion to suppress an oral statement.

The State sought to prove the previous conviction by the introduction of a certified copy of a theft conviction of a "Leondus Martin." No testimony was introduced that this defendant was the same "Leondus Martin" named in the prior conviction. We conclude that the record is insufficient to prove the enhanced charge.

Felonious theft under $150 is an enhanced penalty statute, which operates to aggravate the charged offense from a less serious to a greater offense, and therefore the previous conviction must be alleged in the indictment and proved as a material element of the offense beyond a reasonable doubt. (*People v. April* (1979), 73 Ill. App. 3d 555, 556-57. See also *People v. Flippen* (1977), 46 Ill. App. 3d 246, 249.) The "mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact." (*People v. Casey* (1948), 399 Ill. 374, 380.) In *Casey*, the State's proof by an authenticated copy of an out-of-state conviction against a "Patrick Leo Casey" was held insufficient where there was no evidence that the defendant was the same person as identified in the conviction, other than the identity of the names. See also *People v. Stewart* (1961), 23 Ill. 2d 161, 163-64. See also *People v. Langdon* (1979), 73 Ill. App. 3d 881, 885.

*People v. Davis* (1976), 65 Ill. 2d 157, relied upon by the State, does not stand for a different rule. In *Davis*, the court had proof of the identity of the defendant since the trial judge recognized the defendant as the one whom he had previously convicted and sentenced for the crime which

served as the basis of the probation revocation. In addition, a probation-revocation offense need only be proved by a preponderance of the evidence, whereas a former conviction which serves as a basis for an enhanced penalty must "be proved with the same certainty which the law requires as to the substantive offense." (*People v. Casey* (1948), 399 Ill. 374, 378-79.) Similarly, cases cited by the State to show that proof of a conviction for impeachment purposes may be accepted without accompanying identification testimony are distinguishable. In impeachment cases, proof of the identification of the party as the one who was previously convicted is not required unless the defendant contests the issue. (*People v. Malone* (1979), 78 Ill. 2d 34, 39-40.) Also, there is no need to prove a conviction used for impeachment purposes beyond a reasonable doubt. *People v. Malone*, at 40: *People v. Casey*, at 379-80.

■■ We conclude that proof of the identification of the defendant beyond a reasonable doubt is required under the enhanced-penalty statute since the prior conviction is an element of the felony offense charged.

We also conclude that the court did not err in denying defendant's motion to suppress an oral statement. At the suppression hearing, Detective Romani testified that he was patrolling the Oakbrook Shopping Center parking lot at approximately 7:45 p.m. on June 26, 1978, when he noticed a brown Buick with three occupants driving up and down the lot. When the car parked near Walgreen's drug store, it had only two occupants; the detective saw the third occupant in the liquor department of Walgreen's. He parked his car facing the Buick approximately 70 to 75 feet away. A few minutes later, the defendant exited the store carrying a brown tote bag and entered the back seat of the Buick. The defendant made two more trips in and out of the store carrying the tote bag at all times. The passenger in the front seat also made two separate trips into and out of Walgreen's. He wore a shirt that hung loose when he entered the store but looked full when he returned to the car on both occasions. During a period when both passengers were inside, the driver of the Buick lifted a bag off the front seat, uncapped a bottle, raised it to his lips, recapped it and placed it back on the seat. After both passengers returned to the car, the Buick drove towards Sears Automotive, and parked at the gas pumps. At this time, Romani radioed for assistance and he and the assisting officer stopped the Buick after it entered onto the public street. The driver exited the vehicle and talked to the officers. Romani ordered both passengers out of the car. He observed an open beer can and a brown bag with a capped bottleneck protruding on the back seat and bottles stacked on the floor behind the driver's seat, partially covered by a floor mat. He also noticed a black bag on the floor of the front seat containing liquor bottles partially covered by newspapers. Romani radioed to have someone bring the store manager of Walgreen's to the

scene. While waiting for the manager to arrive, the occupants of the car stood outside of the vehicle. They were not handcuffed nor were they told they were under arrest; however, they realized that they were not free to leave. Romani told the defendants that he observed their actions outside Walgreen's. He also requested identification and the defendant identified himself as "Charles McFadden." Romani testified that after he requested identification from the defendant, there was "a lull in the conversation" after which defendant said to Romani, "Why don't you take it and let us go." Neither officer had given the occupants of the Buick their *Miranda* warnings.

Defendant testified he did not tell Romani to "take it and let us go" but that he did hear someone else say it.

Under these facts, we agree with the finding of the trial court that Romani had probable cause to initiate a stop either to determine whether alcoholic beverages were being transported or to investigate the theft; that although a custodial stop had been made, the statement by the defendant at the scene was voluntary, and that therefore Romani was not required to advise the defendant of his rights pursuant to *Miranda*.

■■■ The trial court's ruling at the suppression hearing will be upheld unless it is against the manifest weight of the evidence. (*People v. Rendleman* (1978), 57 Ill. App. 3d 459, 462.) Volunteered statements not preceded by interrogation need not be excluded, even absent *Miranda* warnings. (*People v. McKinley* (1977), 69 Ill. 2d 145, 153.) Where there are no questions pending, and statements are not made as a response to prior interrogations, the statement is not subject to the *Miranda* rule. *People v. Moore* (1971), 50 Ill. 2d 24, 27; *People v. McKinley* (1977), 69 Ill. 2d 145, 153-54.

■■ The testimony in this case establishes that there was no question pending when the statement was made. There had been no previous interrogation of the defendant, since the officer had merely asked for identification and had told the defendant and his companions of his observations. After a lull, the officers testified that defendant made the incriminating statement. Thus, the decision that the statement was volunteered is not against the manifest weight of the evidence.

The conviction of the defendant is therefore reduced to misdemeanor retail theft of property not exceeding $150, a Class A misdemeanor. (Ill. Rev. Stat. 1977, ch. 38, par. 16A—10(1).) The sentence is vacated, and the case is remanded to the trial court for resentencing.

Modified and remanded.

LINDBERG and VAN DEUSEN, JJ., concur.