THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES V. FELTERS, Defendant-Appellant.

Second District No. 81-272

Opinion filed March 16, 1982.

Mary Robinson and John J. Barrett, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant appeals from his conviction of burglary after a jury trial and from the 14-year sentence imposed. He contends he was not proven guilty beyond a reasonable doubt, claiming that there was no evidence corroborating the inference arising from his possession of property stolen in the burglary.

There was evidence that the Russell residence had been gone through some time between when a family member left at approximately 11 a.m. on December 15, 1980, and when a family member returned at about 3 p.m. on that date. Fifty dollars in silver half dollars which had been saved in a tin, books of blank, unsigned checks, and two savings accounts' passbooks were missing. A basement window had been "kicked in." At about 3:17 p.m. on December 15, the defendant was identified as having inquired as to the balance in the Russell checking account. He cashed a missing check drawn on the owner's account for slightly less than the balance. There was evidence that it takes 15 or 20 minutes to go between the Russell home and the bank. About 30 minutes after cashing the check defendant again appeared at the bank and sought to withdraw some $8,000 from the savings accounts, but drove away when there was a delay. The only evidence offered by defendant was the testimony of a witness to rebut the testimony of the bank teller as to the clothing worn by the person involved.

■■ It is established that unexplained possession of recently stolen property may support an inference of guilt of the crime of burglary only if (1) there is a rational connection between the possession and the participation in the burglary, (2) the guilt of burglary is more likely than not to flow from the possession of the burglary proceeds, and (3) there is corroborating evidence of guilt. *People v. Housby* (1981), 84 Ill. 2d 415, 424.

■■ The evidence establishes that the Russells' home had been forcibly entered and that the burglar took only cash, checks, and bank books, passing up more saleable goods such as guns and television sets which were left untouched. While there was no exact way for the jury to fix a precise time when the burglary took place, they could find from the circumstances that there was a short time interval between the completion of the burglary and the defendant's appearance at the bank on the first occasion.

It is of course possible that defendant found the checks and passbooks after they were discarded by a burglar who kept only the coins, or that the defendant purchased the items. However, it is not probable that a burglar who apparently planned in advance to steal only cash and bank documents would change his mind immediately after the crime, leaving the stolen items where they were necessarily quickly discovered by defendant. Defendant obviously was not an innocent victim of circumstances, since he was discovered in the midst of a dishonest act, regardless of how he came to possess the items. Further, no evidence was introduced to suggest that he was the receiver of goods stolen by another. Thus, it is more probable than not that he was the burglar, satisfying the second prong of the test.

The third prong, corroboration, is the most difficult. *Housby* holds that the same evidence satisfying the second prong of the test could support a finding of guilt under the third prong. In addition, *Housby* noted that the presumption of guilt in that case was bolstered by evidence that defendant's relationship to the possession was not honest. (84 Ill. 2d 415, 430.) Corroborative evidence here included not only the defendant's "dishonest" relationship to the goods involved, but also the very short time span between the burglary and the defendant's appearance at the bank, the fact that the defendant was seen in possession or control of much of the stolen property, and the nature of the burglary and of the stolen goods themselves.

The latter consideration is particularly strong. It is manifest that the burglar intended to steal, and did steal, only cash or items that could rapidly be converted to cash. Thus, the jury could believe that the burglar did not intend to sell stolen goods to unknowing purchasers, and did not attempt to sell the defendant somebody else's bank books and blank checks. Nor need the jury accept the hypothesis that defendant simply stumbled upon checks and passbooks which were the principal object of a burglary and which were left behind almost immediately after the burglary in a place where another could easily discover the items. Although the corroborative evidence is circumstantial, we find it adequate under *Housby* standards. This is not a case where the jury could infer guilt only from the bare fact of possession of stolen goods.

Defendant relies on *People v. Johnson* (1981), 96 Ill. App. 3d 1123, which we find distinguishable. In *Johnson*, corroborative evidence was essentially nonexistent; the time span between the burglary and the discovery of defendant's possession of the goods was 36 hours rather than the very few hours the jury could find from this record. In addition, the goods in *Johnson* were of the sort that might easily be sold to unknowing purchasers, the defendant was found with only a small part of the stolen property, and there was no evidence of unauthorized entry into the vic-

tim's house. Thus, the connection necessarily depended on the bare fact of possession without any corroboration.

We conclude that the evidence is sufficient beyond a reasonable doubt to support the conclusion that defendant committed the burglary. We therefore affirm the judgment.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.