THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD STANLEY, Defendant-Appellant.

Fourth District   No. 4—82—0451

Opinion filed July 14, 1983.

MILLER, J., specially concurring.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Michael W. Hogan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

"The lion growled."

The trial judge said no more continuances, "*** the court's business requires it to proceed to trial."

Trial *in absentia*.

Guilty.

We affirm.

Stanley was charged with theft with a prior conviction. He did not appear on his original trial date and his case was continued for one

week. When Stanley again failed to appear, he was tried *in absentia.* The jury returned a guilty verdict; judgment was entered; and Stanley was sentenced—*in absentia*— to three years' imprisonment.

On appeal, he contends: His identity as the accused was not proved beyond a reasonable doubt; trial *in absentia* was improper; it was an abuse of discretion to deny his motion for continuance; and he was improperly sentenced for felony theft because the State failed to prove beyond a reasonable doubt that he had a prior theft conviction.

We consider these issues *seriatim.*

# I

■ As trial below was held *in absentia,* it was impossible for the State to have its witnesses point to the defendant and say, "That's him, he did it." The State was obliged to prove identity by circumstantial evidence. We hold the State did so properly in this case.

The State introduced into evidence People's exhibit No. 1, which was a photograph. All three of the State's witnesses identified the person depicted in the photograph as Gerald Stanley. Sandra Wooley and her daughter, Cheryl, stated that the exhibit was a photograph of the Gerald Stanley who lived with them at the time $130 was stolen from Cheryl's purse. Officer Richard Hazen testified that he interviewed the Gerald Stanley in the picture and that Stanley had admitted the Wooley theft to him. This was sufficient to prove identity.

There is no reasonable doubt that the Gerald Stanley who lived with the Wooleys, the Gerald Stanley who admitted stealing from them, and the Gerald Stanley charged in this case are one and the same person. The jury so decided, and we will not disturb their finding. See *People v. Jeffrey* (1981), 94 Ill. App. 3d 455, 418 N.E.2d 880.

# II

■ Stanley's second argument focuses on the requirement that the State must *request* trial *in absentia.* (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a).) There is no dispute that the procedural safeguards of the statute were otherwise complied with: defendant was twice personally informed of his constitutional rights to be present at trial and to confront the witnesses against him and was given the requisite trial *in absentia* warning. When Stanley did not appear on his original trial date, notice of his new trial date and an additional trial *in absentia* warning were sent by certified mail to the address on his bond slip. Nor does Stanley appear to contend that there was insufficient evidence that he was wilfully avoiding trial. However, the statute does not require a formal motion (only a request) or a hearing. All

the State must show to *prima facie* establish wilful avoidance is that it complied with the statutory requirements and the defendant was not present at trial. (See *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152.) This was readily apparent from the record in this case.

As Stanley contends, the trial judge plays a limited role in a criminal prosecution. He is an impartial arbiter. (See *People v. Nelson* (1974), 58 Ill. 2d 61, 317 N.E.2d 31.) But, he does have inherent authority to control his docket—authority which cannot be abrogated by the legislature. (See *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562; *Green v. Wilmot Mountain, Inc.* (1980), 92 Ill. App. 3d 176, 415 N.E.2d 1076.) This being the case, it is obvious that the legislature intended the requirement that the State request trial *in absentia* to prevent, for whatever reason, a defendant from either forcing or evading trial in his absence and not to intrude on the judicial function.

This case was set for trial once and continued when defendant failed to appear. The State's Attorney made no motion for a second continuance. The trial judge certainly had authority to control his own docket. In this context, the trial judge did not act improperly in treating the State's Attorney's acquiescence as a request for trial *in absentia*.

### III

■ Turning next to Stanley's contention that his motion for continuance was improperly denied, we note initially that the grant or denial of such a motion is within the sound discretion of the trial judge. (*People v. Sullivan* (1981), 95 Ill. App. 3d 571, 420 N.E.2d 474.) No such abuse occurred here.

When this case was originally called for pretrial on May 10, 1981, both sides announced ready. It can hardly be claimed that two weeks later on May 25 there was insufficient time to prepare an adequate defense. Thus, *People v. Lott* (1977), 66 Ill. 2d 290, 362 N.E.2d 312, relied upon by Stanley, is inapposite. Unlike *Lott*, there was no surprise testimony in this case.

■ Further, Stanley cannot claim that he reasonably relied on the State's Attorney's representation that the case would not be tried on May 25. Counsel was well aware that the case was set for trial on that date. He also knew (or should have known) that the only way the case would not be tried would be if the *trial judge* granted a continuance. And, as we noted initially, it is the trial judge, not the State's Attorney, who has discretion to grant or deny a continuance.

While there is great benefit in mutual accommodation, a criminal prosecution is still an adversary process. Occasionally, "the lion must growl" to remind counsel of this fact. No error.

## IV

Nor was Stanley improperly sentenced for felony theft. In order to subject an accused to enhanced punishment under section 16—1(e)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1)), the prior theft conviction must be proved beyond a reasonable doubt. (*People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490.) But, it need not be alleged in the charging instrument and proof need not be adduced at trial. *Hayes*.

Here, the State introduced at the sentencing hearing a certified copy of a record sheet noting that Gerald Stanley pleaded guilty to theft in Macon County. Stanley argues that merely showing that the defendant's name and the name on a certified copy of a conviction are the same is not sufficient to prove the prior conviction beyond a reasonable doubt. *People v. Martin* (1981), 97 Ill. App. 3d 704, 423 N.E.2d 493, relied upon by Stanley, does support this proposition. However, it is of dubious precedential value in light of *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353.

■ The *Davis* opinion, which was issued after oral argument in this case, holds that "identity of name gives rise to a rebuttable presumption of identity of person." (95 Ill. 2d 1, 31, 447 N.E.2d 353, 368.) Coincidentally, in ruling as it did, the court made reference to a case involving a defendant with the same last name. (*People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792.) The previous *Davis* case held that a judge could take judicial notice of a prior conviction, at least where the defendant did not deny that he was the person previously convicted. The court has now gone beyond this. Not only must some objection be made by a defendant, but apparently some evidence must be introduced to rebut the presumption.

■ We are not unaware of the factors distinguishing this case from the latest *Davis* opinion: Here, the prior conviction had to be proved beyond a reasonable doubt, there it did not; here, a challenge to the State's proof was timely made, there it was not. However, the presumption announced by the supreme court remains unaffected by these differences.

Nor are we unmindful of the hazards of using presumptions in criminal cases. (See *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151 (dealing with the presumption that one in exclusive possession of recently stolen property obtained them by burglary and

noting the due process problems inherent therein).) We interpret *Hayes* as holding that a prior conviction is no longer an element of the offense of felony theft under section 16—1(e)(1)—only a factor to be considered in sentencing. Therefore, we do not hesitate to apply the presumption in this case.

Affirmed.

GREEN, J., concurs.

JUSTICE MILLER, specially concurring:

The majority finds that identity of name is circumstantial evidence of identity of person, sufficient alone on the question of identification to sustain the defendant's conviction. I agree with the result reached by the majority, but for a different reason.

Questions of identity, presumptions, and inferences have presented problems for the courts for some time, most notably in sentencing when proof of an earlier conviction is used to enhance the penalty for an offense and in the application of presumptions and inferences to prove an element of an offense. In *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, our supreme court, reexamining its earlier decisions on presumptions and inferences in criminal cases in light of decisions by the United States Supreme Court, held that due process requirements are satisfied when (1) the facts proved and the fact presumed are rationally connected, (2) the presumed fact is more likely than not to flow from the proved fact, and (3) the inference is supported by corroborating evidence of guilt. The court further held, however, that when the permissive inference is unsupported by corroborating evidence, the leap from the proved fact to the presumed element must satisfy the standard of proof beyond a reasonable doubt, for there is nothing else on which to rest the fact finder's verdict of guilt. 84 Ill. 2d 415, 421, 420 N.E.2d 151, 154; see also *People v. Johnson* (1981), 96 Ill. App. 3d 1123, 422 N.E.2d 19 (discussing *Housby*).

Although *Housby* and *Johnson* dealt specifically with inferences used to prove an element of the offense of burglary, I see no reason not to apply the same principles to an inference that tends to prove the identity, and therefore the guilt, of the offender.

Because circumstantial evidence permits a fact tending to prove guilt or innocence to be inferred from facts in evidence, the majority holds in effect that identity of person, and therefore the defendant's guilt, may be inferred from identity of name without corroborating

evidence. Because under *Housby* an element inferred from a fact without corroborating evidence must follow beyond a reasonable doubt, I cannot subscribe to the position advanced by the majority. In my opinion, in proving the guilt of a defendant, identity of person cannot be inferred beyond a reasonable doubt from mere identity of name; corroborating evidence is required.

Instead, I believe that under the circumstances here identity of name creates an inference of identity of person that, taken with the defendant's failure to appear at trial, permitted the jury to conclude the identification, and therefore the guilt, of the defendant. Flight from the scene of a crime may constitute evidence of consciousness of guilt and therefore an inculpatory admission by a defendant. I believe that a defendant's failure to appear at his own trial may be construed similarly; that admission, when coupled with the inference of identity of person from identity of name, supports the jury's finding of guilt here.

I am mindful that the supreme court in *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, adopted the general rule that identity of name gives rise to a rebuttable presumption of identity of person. That rule has been applied in the current case in affirming the sentence imposed on the defendant, and I would not disturb that decision. But because of the due process problems expressed by our supreme court in *Housby* and by the United States Supreme Court in *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213, I would confine the rule to sentencing proceedings, even though it was necessary to prove the prior murder convictions in *Davis* beyond a reasonable doubt and not, as the majority implies, by the preponderance of the evidence.

Because the defendant was tried *in absentia*, the problem presented in this case is unique. I mention, however, that the problem could have been avoided had the prosecutor simply asked the officer whether the Gerald Stanley that was identified from the photograph as having confessed to him was the same Gerald Stanley that was arrested and charged.

I would affirm the conviction and sentence, but for the reasons I. have indicated.