FULMER, Judge.
Dianna Akridge appeals her convictions for possession of cocaine, possession of drug paraphernalia, and giving false identification to a law enforcement officer. Akridge raises four issues in this appeal. We find merit only in her contention that the trial court erred in ruling that identity would not be an issue in the case, thus prohibiting the State from presenting evidence of the accused’s identity.
A jury trial commenced on May 8, 2006, at which time the jury was selected and sworn, and the trial was continued until May 10. Akridge did not appear on May 10, but the trial continued in her absence. *918 In ruling that the trial would continue despite Akridge’s absence, the court also ruled that identity could not be raised as an issue because Akridge “waived this particular defense through nonattendance.” During the presentation of its case, the State sought guidance from the court regarding the questioning of its witness on the issue of Akridge’s identity. The court reiterated that identity was not an issue, and it declared that the State would risk a mistrial by eliciting identification testimony and that the defense attorney would risk disbarment if he suggested that the State failed to identify the suspect.
The burden is upon the State to prove beyond a reasonable doubt all of the elements of the alleged crime including the identity of the defendant. See State v. Freeman, 380 So.2d 1288 (Fla.1980) (rejecting claim that a separate instruction on identity and the State’s burden of proof thereon should have been given where standard instruction clearly explains State’s burden to prove identity). Here, consistent with the standard instructions,[1] the trial court instructed the jury that the State had the burden of proving the defendant’s identity:
To overcome a defendant’s presumption of innocence, the State always has the burden to prove that the crime or crimes being charged were, in fact, committed and that the defendant is the person who committed the crime. The defendant is never required to present evidence nor prove anything.
Despite giving this instruction, the trial court deprived the parties of the opportunity to prove or challenge at trial that Dianna Akridge is the person who committed the crimes. Thus, the jury was deprived of necessary evidence tending to prove or disprove an essential element of the case.
In ruling that Akridge had waived the issue of identity by not appearing on the second day of trial, the trial court apparently was concerned that the State would be unable to prove identity due to Akridge’s absence from the courtroom. In its order denying Akridge’s motion for new trial, the court wrote:
The Court’s most serious disagreement with Defendant comes with the motion for new trial, which complains of the Court having ruled that identity was not an issue. Certainly it is expected that the state, in every case, will ask the arresting officer(s) or eyewitness(es), “Do you see that person here in the courtroom today?” even when mistaken identity has not been offered as the defense. Such a question would have been risible in the case at bar, since [counsel] sat alone at defense table.
The trial court’s conclusion that it would have been ludicrous for the State to have to ask the officer whether he saw the defendant in the courtroom, given her absence, does not justify excusing the State from its burden to prove identity. In-court identification is not the sole method of proving identity.
Cases from other jurisdictions have addressed identity issues arising from trials held in absentia and have discussed alternative means by which prosecutors have adequately proven the defendants’ identity. See State v. Ahlquist, 67 Wash.App. 442, 837 P.2d 628, 630-31 (1992) (rejecting claim that state failed to prove identity where undercover officer used a booking photograph to identify defendant as the person who sold the drugs); People v. Johnston, 160 Ill.App.3d 536, 112 Ill.Dec. 114, 513 N.E.2d 528, 533 (1987) (holding *919 that identity of defendant was established where defendant had produced a driver’s license at the time of his arrest and, at trial, the officer described the individual he arrested and identified a photograph of the man); People v. Stanley, 116 Ill.App.3d 532, 72 Ill.Dec. 173, 452 N.E.2d 105, 106 (1983) (holding that state properly proved identity where three witnesses, including two people who lived with the defendant, identified him through photograph); State v. Hall, 136 Ariz. 219, 665 P.2d 101, 103 (1983) (testimony at trial that crimes were committed by a long-haired, weather-beaten, sunken-eyed man of about 40, named John Richard Hall, who was arrested in the presence of the victim, was sufficient to satisfy state’s burden of proving identity).
Because the trial court erred by ruling that identity would not be an issue in this case, we reverse and remand for a new trial.
DAVIS and SILBERMAN, JJ., concur.

. See Fla. Std. Jury Instr. (Crim.) 3.7.