# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2018 IL App (2d) 160674

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD JOHNSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0674 |
| Filed<br>Rehearing denied | August 28, 2018<br>November 7, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 15-CF-2791; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Richard Dvorak, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, David J. Robinson, and David A. Bernhard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Zenoff and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1 On May 10, 2016, the defendant, Edward Johnson, was convicted *in absentia* of being an armed habitual criminal and of unlawful possession of a weapon by a felon. He was sentenced to 17 years' imprisonment. On appeal, the defendant argues that the trial court erred in conducting his trial *in absentia* and in assessing a fine to support the drug court. We affirm in part and vacate in part.

¶ 2 I. BACKGROUND

¶ 3 On October 30, 2015, Officer Jeffrey Petersen initiated a traffic stop, for speeding, of a vehicle driven by the defendant. Officer Petersen noticed that the defendant was reaching toward the passenger seat and floorboard of his car. When the officer approached, the defendant opened the door of his car because his window was broken. Officer Petersen noted the smell of burnt cannabis coming from the car. Officer Petersen asked the defendant for his driver's license, proof of insurance, and concealed-carry-license information and then called for backup.

¶ 4 Officer Anthony Baratti arrived at the scene, and Officer Petersen searched the defendant, but nothing was recovered. Officer Baratti stood with the defendant while Officer Petersen searched the defendant's car. Officer Petersen found 10 rounds of 9-millimeter ammunition and a 9-millimeter handgun. Officer Petersen instructed the defendant to put his hands behind his back. The defendant proceeded to run away from the traffic stop and was pursued on foot by Officers Baratti and Petersen, who ultimately apprehended and arrested him.

¶ 5 On November 18, 2015, the defendant was charged with one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2014)), four counts of unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and four counts of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)). Prior to trial, the State nol-prossed two counts of unlawful possession of a weapon by a felon and all four counts of aggravated unlawful use of a weapon. On November 25, 2015, the defendant appeared at his arraignment and was admonished that, if he did not appear for trial, he could be tried and sentenced in his absence.

¶ 6 On March 21, 2016, the defendant requested a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The State offered him a plea bargain, which he rejected. The defendant requested a jury trial. The trial court set a tentative trial date of March 28, 2016, and admonished the defendant again that, if he did not appear for trial, he could be tried and sentenced in his absence. On March 28, 2016, the defendant appeared for trial but requested a continuance to May 9, 2016. On that date, the defendant did not appear for trial, and defense counsel moved for a continuance. The State was silent on the matter. The trial court denied the motion and instructed the State and defense counsel to continue with the motions *in limine* and jury selection. At the completion of jury selection, the defendant had still not arrived, so the trial court released the jury and instructed them to return the next day.

¶ 7 On May 10, 2016, the defendant did not appear for trial, and defense counsel again moved for a continuance. The State again stood silent. The trial court denied the request for a continuance and proceeded with the trial *in absentia*. The defendant was subsequently found guilty of being an armed habitual criminal and unlawful possession of a weapon by a felon. On July 7, 2016, the defendant was sentenced *in absentia* to 17 years' imprisonment and ordered

to pay $1000 in costs, which included a $354 fine to support the drug court. Following the denial of his motion to reconsider sentence, the defendant filed a timely notice of appeal.

¶ 8                                                    II. ANALYSIS

¶ 9        On appeal, the defendant first argues that the trial court erred in conducting his trial *in absentia* because the State did not comply with the applicable statute. Specifically, the defendant contends that his trial *in absentia* was improper because the State neither (1) requested to proceed *in absentia* nor (2) affirmatively proved that he was willfully avoiding trial. Second, the defendant argues that the trial court erred in assessing the $354 fine to support the drug court.

¶ 10       A trial court's decision to proceed with a trial *in absentia* will not be reversed unless the trial court abused its discretion. *People v. Smith*, 188 Ill. 2d 335, 341 (1999). A trial court abuses its discretion only when its ruling is arbitrary, fanciful, or unreasonable; when no reasonable person would take the view adopted by the trial court; or when its ruling rests on an error of law. *People v. Olsen*, 2015 IL App (2d) 140267, ¶ 11.

¶ 11       Section 115-4.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-4.1 (West 2014)) provides:

> "When a defendant after arrest and an initial court appearance for a non-capital felony or a misdemeanor, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant."

¶ 12       A defendant has a duty to appear at the place and time designated for trial. *Smith*, 188 Ill. 2d at 345. "When a defendant breaches this duty and fails to appear, notwithstanding that the defendant has been previously informed of the time and date of trial and has been personally admonished by the trial court that a failure to appear could result in trial *in absentia*, a 'very strong inference is raised that the defendant has elected not to appear.' " *Id.* (quoting *People v. Broyld*, 146 Ill. App. 3d 693, 699 (1986)). Accordingly, to establish a *prima facie* case of willful absence, the State must demonstrate that the defendant (1) was advised of his or her trial date, (2) was advised that the failure to appear could result in him or her being tried *in absentia*, and (3) did not appear for trial. *Id.* at 343.

¶ 13       In *People v. Stanley*, 116 Ill. App. 3d 532, 533 (1983), the defendant, Gerald Stanley, was charged with theft. Stanley did not appear for his first court date, and his case was continued for a week. *Id.* at 533-34. When he again failed to appear, the trial court held a trial *in absentia* and Stanley was found guilty and sentenced to three years' imprisonment. *Id.* at 534. On appeal, Stanley argued that the trial *in absentia* was improper because the State did not formally request a trial *in absentia*. The reviewing court held that the statutory requirements had been met because the defendant was advised of his trial date, was admonished of his constitutional right to be present at trial, and was advised that if he failed to appear, the trial could proceed in his absence, and he would forfeit his right to confront the witnesses against him. *Id.* The reviewing court further held that "[a]ll the State must show to *prima facie* establish wilful avoidance is that it complied with the statutory requirements and the defendant was not present." *Id.* at 534-35.

¶ 14       The *Stanley* court further held that "the statute does not require a formal motion (only a request) or a hearing." *Id.* at 534. The *Stanley* court noted that a trial court has inherent

authority to control its own docket, which cannot be abrogated by the legislature. *Id.* at 535. Accordingly, the *Stanley* court concluded that, since the State made no motion for a continuance when Stanley failed to appear for trial, the trial court properly interpreted the State's acquiescence as a request for a trial *in absentia*. *Id.*

¶ 15 In the present case, the defendant argues that the State must explicitly move for a trial *in absentia* before such a trial may commence. However, *Stanley* establishes that this is unnecessary. Further, as noted in both *Stanley* and *Smith*, the trial court has inherent authority to control its own docket. In this case, when the defendant failed to appear, defense counsel moved for a continuance, and the State stood silent. As such, as in *Stanley*, the trial court did not err in interpreting the State's silence as a request for a trial *in absentia*. *Id.*

¶ 16 The defendant also argues that the trial *in absentia* was improper because the State did not prove that he was willfully avoiding trial. This argument is without merit because the evidence established a *prima facie* case of willful absence. The defendant was advised of his trial date after the Rule 402 conference. The defendant was admonished at his arraignment and after the Rule 402 conference that if he did not appear for trial, he could be tried *in absentia*. Finally, the defendant did not appear for trial. The State thus presented a *prima facie* case of willful absence. *Smith*, 188 Ill. 2d at 345.

¶ 17 The defendant cites *Smith* and *People v. Ramirez*, 214 Ill. 2d 176 (2005), for the proposition that section 115-4.1 should be strictly construed. However, those cases considered whether the statute's certified mailing procedure is mandatory when the defendant was not present in open court when the trial date was set. In the present case, the defendant was present when the trial date was set, and the certified-mailing procedure is not at issue. As such, the defendant's reliance on those cases is misplaced.

¶ 18 The defendant's second contention on appeal is that the trial court erred in assessing a $354 fine to support the drug court. Under the circumstances in this case, the defendant contends that this fine was not statutorily authorized. The State confesses error on this point. After reviewing the record, we accept the State's confession of error and vacate the $354 fine.

¶ 19 III. CONCLUSION

¶ 20 For the reasons stated, the judgment of the circuit court of Lake County is affirmed in part and vacated in part. As part of our judgment, we grant the State's request that the defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 21 Affirmed in part and vacated in part.