FARMER, J.
In this trial for possession of a firearm by a convicted felon, the trial court was asked by the prosecution to show a mug shot of defendant to an eyewitness who was unable to identify defendant in court. The trial court permitted the state to use the single photo to refresh the failing recollection of the witness. In the same trial, the trial court also allowed the state to ask this same witness to identify a photo of defendant’s girlfriend, depicting her lying in a hospital bed after a beating. The trial court permitted both the identification and the admission of the photo, concluding that its probative value outweighed any prejudice. We reverse on both issues.
Turning to the last issue first, the state argues that the photo of the girlfriend was relevant even though its admission related to no element of the crime charged. The argument is that it would corroborate the testimony of the eyewitness that the girlfriend was hysterical. Her state of mind was relevant, it is contended, to the contention that her “excited utterance” to the eyewitness that her assailant had a gun should be admitted. We reject this argument. There was already substantial testimony in the record from at least four witnesses that the girlfriend was hysterical, thereby establishing the necessary predicate for the excited utterance of the girlfriend. Any slight probative value — and it is doubtful that there was even a slight value — was clearly overcome by the substantial prejudice of showing her battered condition.
We also find the use of the mug shot impermissibly suggestive. Here the eyewitness was simply unable to identify defendant at trial. The state wanted to show that she had identified defendant from the mug shot at the time of the events in the case. The use of the single photograph, however, to “refresh” the recollection of the witness was simply too suggestive. See Way v. State, 502 So.2d 1321 (Fla. 1st DCA 1987) (use of single photograph one of most suggestive identifications possible and impermissibly suggestive under most circumstances).
REVERSED FOR NEW TRIAL.
WARNER, C.J., and SHAHOOD, J., concur.