DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VINCENT CLARENCE NEWTON, Jr.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3750

[January 24, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562015CF003408.

Carey Haughwout, Public Defender, and Jeffrey Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuna, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant, Vincent Clarence Newton, Jr., appeals his conviction for high speed or wanton fleeing from a law enforcement officer with lights and sirens activated. He contends it was error for the trial court to admit his booking photograph as evidence. We disagree, and affirm the conviction.

At trial, a deputy testified that, while on routine patrol, he heard a loud motorcycle nearby. He observed what he described as a dirt bike pass vehicles in a no-passing area. The deputy noted that the rider was also speeding. He began pursuit, but the rider refused to stop, even after the deputy activated his lights and siren. The pursuit was called off, but the deputy continued to observe the dirt bike from a distance when he saw the rider brake and fly over the handle bars into a canal while trying to navigate a sharp turn. The deputy confirmed that the rider and dirt bike he found on the canal bank were the same that had fled from him just moments before because he never lost sight of the rider. The rider was subsequently arrested.

In his testimony, the deputy referenced his arrest report and stated that the dirt bike's rider identified himself as Vincent Newton via his driver's license, and was booked using that name. The State asked the deputy if he could identify the rider of the dirt bike in the courtroom, and he replied, "Uh, I'm going to assume it's the gentleman right there, but it has been since December. I can't be positive it's him, but I'm pretty sure it's him." The deputy believed that the rider's hair was longer, and said, "but other than that, I'd say, yes, it's him." The State then asked, "Okay, uh, and so you're under oath. Can you positively identify him as the rider of that bike?" The deputy responded, "I would say, yes."

When the defense raised the issue of appellant's identification after another witness was unable to positively identify appellant as the rider, the State sought to recall the deputy to introduce appellant's booking information into evidence. The State intended to use the information to show the name appellant was booked under, the date and time he was booked, and to refresh the deputy's recollection.

The deputy was recalled as a witness, and the State presented the booking information to the deputy. The booking information contained appellant's booking photograph. The deputy agreed that the information refreshed his memory as to who was arrested on the day of the alleged crime. He testified that the rider was arrested for fleeing on the dirt bike, which was the same person that the deputy attempted to identify during his earlier testimony. The booking information and photograph were published to the jury.

Ultimately, appellant was found guilty and sentenced to nine months in jail with two years of probation. This appeal followed.

"Generally, a trial court's ruling on the admissibility of evidence will be upheld absent an abuse of discretion." *Williams v. State*, 967 So. 2d 735, 747-48 (Fla. 2007). "The Evidence Code provides that '[a]ll relevant evidence is admissible, except as provided by law.'" *Id.* at 753 (quoting § 90.402, Fla. Stat. (2006)). In any criminal prosecution, the State must establish the identity of the accused as perpetrator of the charged offense beyond a reasonable doubt. *See Akridge v. State*, 970 So. 2d 917, 918 (Fla. 2d DCA 2007); *Ponsell v. State*, 393 So. 2d 635, 636 (Fla. 4th DCA 1981).

This court has decided an issue similar to the one at hand. *See Roberts v. State*, 778 So. 2d 512 (Fla. 4th DCA 2001). In *Roberts*, the prosecution attempted "to show a [booking photograph] of defendant to an eyewitness who was unable to identify defendant in court." *Id.* at 513. The trial court

allowed the prosecution to use the photograph to refresh the witness's recollection. *Id.* "The State wanted to show that [the witness] had identified defendant from the [booking photograph] at the time of the events in the case." *Id.* However, the use of the photograph to refresh the witness's recollection was deemed "simply too suggestive." *Id.*; *see also Way v. State*, 502 So. 2d 1321, 1323 (Fla. 1st DCA 1987) ("Certainly, use of a single photograph is one of the most suggestive methods of identification possible and is impermissibly suggestive under most circumstances."). This court reversed and remanded for a new trial. *Roberts*, 778 So. 2d at 513.

However, there is a fundamental difference between *Roberts* and this case. In *Roberts*, a non-law-enforcement witness identified the defendant from a single booking photograph. *Id.* Here, because the defense raised questions about the deputy's ability to identify appellant as the person he arrested and transported to jail, the State used the booking information, including the booking photograph, to have the deputy confirm that it was appellant that he arrested and transported to the station. Unlike the witness in *Roberts*, the deputy had first-hand knowledge that the photograph taken during the booking process was of appellant.

Even if the admission of the photograph was error, it was harmless beyond a reasonable doubt. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). During the deputy's testimony, he was able to identify appellant through other means. The deputy referenced his arrest report and testified that he never lost sight of the rider prior to the crash. Additionally, the rider was found with the same dirt bike that fled from the deputy, was taken to jail, presented his license to the deputy, and was booked under the name "Vincent Newton."

Under these circumstances, the trial court's admission of the booking photograph for identification purposes was not error. We also affirm without comment as to the other issues raised by appellant.

*Affirmed.*

GROSS and MAY, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3